The Chancellor.
Abraham Brown purchased the property in question of Thomas McClintoek for $3500. He took the deed in his own name, and paid his own money for it. The complainant alleges that he purchased the property for her. She proves, that at the time he negotiated the purchase, he told Mr. McClintoek he was purchasing for the complainant, and that after he received tbe deed, he said the property belonged to the complainant. If from these facts it is a fair inference that Abraham Brown made a parol agreement with the complainant to purchase the property for her, yet a bill for specific performance could not be maintained upon such an agreement. It is within the statute of frauds, which requires the contract to be in writing. A. employs B., as his agent, to purchase a house for him; B. makes the purchase, takes the deed in his own name, and pays his own money for it. A. cannot compel B. to convey. 2 Story, § 1200, note 1.
But the complainant relies upon part performance. She alleges that Abraham Brown put her in possession under *309 the agreement; that she put large repairs on the property, and that she subsequently paid upon the agreement, in different payments, a large part of the purchase money. The answer admits that the complainant entered into the possession of the property immediately after its purchase, and has continued in possession ever since. It admits the amount of the payments alleged in the answer, but denies the parol agreement, and sets out the writing, dated in 1840, signed by Ahraham Brown, and which the answer alleges was found among the testator’s private papers, and insists is the agreement upon which the payments were made. The defendants tender themselves ready to perform this agreement. Between the alleged parol agreement and this writing there is a difference of §500, as to the amount of the purchase money to be paid by the complainant. This difference has given rise to this suit.
As the matter stands, the only question is, whether the defendants shall be decreed to convey upon the terms Mr. Brown purchased of McClintock, or upon those specified in the writing found among Mr. Brown’s papers ?
In order to take the case out of the statute, on the ground of part performance, two things are requisite. The terms of the contract must be established by proofs to be clear, definite, and unequivocal, and the acts relied on as part performance must be exclusively referable to the contract. Whenever those principle are departed from, the statute is violated, and one of its main objects, the prevention of setting up pretended agreements, and then supporting them by perjury, is defeated. To establish the parol agreement in this case, the complainant relies, in part, upon Mr. Brown’s declaration to a third person, that he was purchasing for the complainant, and upon the immediate possession and part payment of the purchase money, as the evidence of the part performance of the agreement. Now, from this mere declaration of Mr. Brown, the court is asked, not only to presume the existence of a contract between the parties, but to conjee *310 ture the terms of that contract, to wit, that Mr. Brown was to convey to the complainant upon the same terms as he purchased of McClintock. And as to the possession, as there is no evidence whatever upon what contract or terms the complainant took the possession, the court is to presume, also, that the possession is referable exclusively to the contract. There are cases to be found when courts have undertaken to frame contracts for the parties, ex cequo et bono, where none existed. These cases have been overruled, however, by many recent authorities; and there is a disposition in courts at the present day, in which I strongly participate, to limit, rather than extend exceptions to the statute. The reason given why mere possession, where the terms of contract are clearly proved, and the possession shown exclusively to refer to the contract, has been adjudged sufficient to take the case out of the statute, appears to me very unsatisfactory. To determine any act a part performance, it is essential that the act should be one prejudicial to the party seeking the benefit of it; for the principle upon which courts execute the contract is to prevent the commission of a fraud with impunity. The act of possession is said to be prejudicial in this way. The party in possession may be sued as n trespasser and for the profits of the land, and if he could not give the parol agreement in evidence he would be without protection. But it appears to me the propriety of permitting a party to defend himself by making the parol agreement admissible, may well be admitted without admitting the necessity, in order to prevent fraud, of permitting a party, as an actor in court, to enforce the specific performance of such an agreement. This matter, however, is settled by many well adjudged authorities. None have gone so far as I should be obliged to go in this case, should I declare the declaration of the party already referred to, and the mere possession, as it existed, sufficient to establish the terms of the agreement, aiid its part performance, so as to justify a decree for the complainant.
*311 But in addition to the possession, the complainant proves repairs to an amount of upwards of six hundred dollars, and payment of more than three thousand dollars in money.
There is sufficient evidence to show that the repairs were made by the complainant, not as tenant, but as claiming to be the owner of the house, and that the payments were made on account of the purchase money. The complainant insists they were made upon a parol agreement between the parties, the terms of which were the same as the terms of purchase between Brown and McClintock. The defendants do not deny the object or character of the repairs and payment, but do deny that they were made upon the contract, as alleged in the bill, and insist that they were made in pursuance of the writing set out in their answer.
If this was an ordinary agency merely of Mr. Brown, acting in the purchase on behalf of the the complainant, why did he take the deed hr his own name, and why was it that no payment was made until four years, and then again until more than eleven years after Mr. Brown advanced his money? These circumstances are explained by showing that Mr. Brown was a friend of the complainant always ready to aid her and relieve her when in trouble, and that the complainant had not the means to pay the purchase money. But these explanations destroy every presumption, which the complainant might otherwise be entitled to, that Mr. Brown acted in the purchase as the mere agent of the complainant, and that on that account she, as the principal, is entitled to the benefit of the terms of purchase made by the agent.
The whole evidence conclusively shows that Mr. Brown did not purchase as the mere agent of the complainant. If he did not, then the complainant totally fails to prove any parol agreement, the terms of which can in any way be ascertained; and if no agreement, the terms of which can be ascertained, is proved, the court cannot make one *312 for the parties. The declaration of Mr. Bi’own, which is the only evidence the complainant adduces, was to the effect, that he was acting as the complainant’s agent. This being disproved by all the subsequent dealings of the parties, there is not a particle of evidence to show any parol agreement, and no guide to ascertain the terms of such an agreement.
If, then, the complainant is entitled to a specific performance, it is upon the agreement admitted in the answer. The complainant objects to the admission as evidence of the paper produced and signed by Mr. Brown. It is alleged to be a paper made by the adversary, and the existence of which was not proved to be known to the complainant. If the parol agreement had been distinctly proved, and its part performance, so that the court could have felt justified in making a decree upon it, then the admissibility of this writing would have been important. The question would then have been, which agreement of the two should be performed? But since, according to the view taken, the complainant is not entitled to a specific performance of the alleged parol agreement, and can only have a decree upon the agreement as it is admitted in the answer, the question raised as to the admissibility of the evidence is unimportant, as far as the complainant is concerned. I deem it proper to say that I think there is evidence enough of a circumstantial character to justify the conclusion, that the terms of the writing produced as the evidence of the terms upon which the complainant was entitled to have the property, were recognised by the complainant, and that Mr. Brown accepted the payments upon those terms, and no other. The complainant may have a decree for specific performance, if she is willing to comply with its terms, as set out in the answer. An amendment of the bill is not necessary. Dan. Ch. P. 513, 514; Story E. P. § 394.
There was a misunderstanding between the parties. ■They both acted in good faith, and no blame can properly *313 be attached to either. The only question of doubt with me is as to the costs. If when the defendants were called upon for the deed, and the tender made them, they had placed their refusal upon the ground that they were only bound to perform upon tbe terms of the writing, and had tendered themselves ready to perform upon those terms, I should he unwilling to make a decree in favor of the complainant, except upon her payment of all the costs of this suit. But from all the light I can derive from the evidence, it appears that the defendants refused absolutely to convey, alleging merely that there was more money due. There is no evidence that they stated the amount they demanded, or expressed any willingness to convey upon any terms. By their answer, they tender themselves ready, but do not aver that they were ready until the complainant was obliged to institute this suit. The decree will be made without costs.