## RYNO *vs.* DARBY.

1. A bargain made on Sunday is void, and no subsequent recognition of it, short of a new bargain, can give it validity.

2. Specific performance of a contract will not be enforced if there was a subsequent agreement by parol to waive it and substitute a new contract for it.

3. But where the defendant, in his answer to a bill for the specific performance of a contract, admits a substituted contract, the complainant is entitled to have a decree for the specific performance of the substituted contract, if he chooses to perform it on his part, and he can have such relief in his suit on the original contract.

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Magie,* for complainant.

I. Contract charged in bill, although not in writing, would be enforced in equity, because possession was given and payments made under it; it is admitted in answer, and the protection of the statute is not claimed either by plea or answer. *Story's Eq. Jur.,* § 760 and seq; *Van Duyne* v. *Vreeland,* 1 *Beasley* 142.

II. It is claimed that the contract charged in bill and admitted in answer, has been varied or discharged, and a new contract made.

1. A verbal discharge or variation of a contract in writing, would be a defence to bill for specific performance only when unequivocally proved, and when it appears manifest that

under the circumstances it would be inequitable to enforce the original contract. *Sugden on Vendors*, ch. 3, §§ 190, 199; *Woollam* v. *Hearn*, 2 *L. C. in Eq.* 404, and note.

The rule cannot be stronger in regard to a contract not in writing, and yet enforceable in equity as the contract here, and ought to be enforced.

2. Such variation is not unequivocally proved.

3. Under all the circumstances it is not only equitable to enforce the original contract, but inequitable to enforce the alleged variation.

III. It is claimed that the contract sought to be enforced was made on Sunday.

1. Under the circumstances of this case such a defence would not avail at law, because the contract has been executed. *Bloxsome* v. *Williams*, 3 *B. & C.* 232; *Williams* v. *Paul*, 6 *Bing.* 653; *Crocket* v. *Vanderveer*, 2 *Penn.* 856.

And there were many ratifications, amounting to a new express contract. *Reeves* v. *Butcher*, 2 *Vroom* 224.

2. But if such defence is good at law, this court, for the same reasons which impel it in order to prevent fraud to enforce this agreement, notwithstanding the statute of frauds, will enforce this agreement, and not permit defendant to take advantage of his own wrong, and thereby perpetrate a fraud on complainant.

*Mr. F. B. Chetwood*, for defendant.

THE CHANCELLOR.

The bill is for the specific performance of an agreement to sell lands, which was in part performed. The answer admits the parol agreement as alleged, and the acts of part performance or some of them; but sets up that the complainant did not fully perform the agreement on his part as to payments, and that a new agreement was made between them for the conveyance of the same land at the same price,

which it was agreed should supersede the old agreement; that it differed from the first agreement as to the time of payment and of delivery of the deed. The defendant answers that he has always been and still is ready to perform the new and substituted agreement.

In the proof it appears that the original parol agreement was made on Sunday. The complainant in his testimony denies it; but the defendant and his son, John L. Darby, who was present at the making of it, both swear that it was on Sunday, and they are confirmed to some extent by Michael S. Torry, a witness of the complainant, who saw Ryno and the two Darbys on Sunday talking together at the place where the Darbys say the bargain was made, and the complainant testifies that he only had one conversation about the bargain with the defendant. John L. Darby states that he recollects it was on Sunday, and that his mother had gone to church, from a remark she made on coming home from church and being told of the sale, reproving them for making a bargain on Sunday. I am convinced from the evidence that the bargain was made on Sunday. If it was it is void, and no subsequent recognition of it, short of a new bargain, can give it validity. This was so decided upon consideration by the Supreme Court of this state, in the case of *Reeves* v. *Butcher*, 2 *Vroom* 224, in which it was held that subsequent payments on a note made on Sunday, were not sufficient to ratify or give validity to the note.

The stating at the time of the bargain to a scrivener, that he might reduce it to writing for the purpose of being signed was not the making of a new bargain.

But the original bargain is alleged by the defendant in his answer to have been waived, and a new bargain substituted for it by a parol agreement between the parties, made March 30th, 1868. The answer can be no proof of such new agreement. The complainant, in his testimony, denies it; but here again the defendant and his son, John L. Darby, both testify that there was such a new bargain made, and their testimony is in a measure supported as to the fact that

U *

there was some new bargain made, by the conduct of the complainant in going to Rahway to make arrangements to take the deed left by the defendant there for him, in execution of the new contract. If the first contract had not been made on Sunday, specific performance would not be compelled, if the complainant had agreed to waive it by parol, and substitute a new contract for it.

But the defendant, in his answer, admits the second or substituted contract to convey for cash, upon an undertaking to remove the buildings in two years from April 1st, 1868. The complainant is entitled to have a decree for the specific performance of that contract, if he chooses to perform it on his part, and he can have such relief in this suit. *Wallace* v. *Brown*, 2 *Stockt*. 308.