## WILLIAM G. SCHENCK

### v.

## THE SPRING LAKE BEACH IMPROVEMENT COMPANY.

1. The rule laid down in *Higgins* v. *Senior, 8 Mees. & W. 834,* that a person not a party to a written contract may be shown to be a party by oral evidence, has never been adopted by the courts of New Jersey.

2. A written contract, which is free from ambiguity and perfect in itself, and not the product of fraud, or the result of mistake, and which has not been changed by a subsequent contract, cannot be changed, varied or contradicted by parol evidence.

3. A writing, to be entitled to be considered a compliance with that provision of the statute of frauds which requires that a contract for the sale of land

shall be in writing, must contain all the essential terms of the bargain;. expressed with such certainty that they may be ascertained from the writing itself, without the aid of oral evidence.

4. In such a case parol evidence is inadmissible to show who the vendor or the vendee is, the subject of the contract, the price to be paid: or tne terms of credit.

On motion to dismiss bill.

*Mr. Acton C. Hartshorne,* for the motion.

*Mr. John F. Hawkins,* for the complainant.

VAN FLEET, V. C.

This suit is brought to compel the specific performance of a contract to convey land. It is brought by the vendee against the Spring Lake Beach Improvement Company as vendor. A motion has been made to dismiss the complainant's bill, on notice under paragraph 224 of the rules. The ground of the motion is, that the bill shows that the contract, which the complainant seeks to have enforced, was not made by the defendant corporation, and is not its contract but the contract of another person.

The contract is set out in full in the bill. It is under seal. Its provisions, so far as they are material to the question raised by the motion, are the following :

"This agreement, made and entered into by and between John C. Lucas, president of the Spring Lake Beach Improvement Company, and William G. Schenck, witnesseth, that the said Lucas agrees to sell and. the said Schenck agrees to purchase all that certain lot of land,"

which is then described. The amount of the purchase-money is also stated, and how its payment is to be secured. A payment of $5 is then admitted in the following words:

"Received on account of said purchase, by said Lucas, for the Spring Lake Beach Improvement Company, the sum of $5."

The contract is signed by Lucas, in his own name, without addition of any kind, and sealed by him with a common seal,

such as is customarily used by natural persons in making contracts under seal. The bill alleges that, when the contract was made, Lucas had authority to enter into written contracts, for the defendant corporation, for the sale of land, and that the contract sued on was made by him for the defendant as its agent. No fraud or mistake of any kind, however, is charged. No claim is made that the contract differs, in a single particular, from what the parties intended it should be; nor that the complainant, when he signed it, did not have a clear and accurate understanding of its provisions; nor that he did not know that the corporation was the principal in the transaction and that Lucas was simply acting as its agent. For aught that appears in the bill the contract may have been drawn by the complainant himself or under his direction, and his purpose in putting it in the form in which it is, may have been to charge the agent and not his principal. If such was his purpose, he cannot now be allowed, according to the rule laid down in *Ford* v. *Williams*, *21 How.* (*U. S.*) *287, 289*, to charge the principal. In that case it is said: "If a party is informed that the person with whom he is dealing is merely the agent for another, and prefers to deal with the agent personally, on his own credit, he will not be allowed afterwards to charge the principal; but when he deals with the agent without any disclosure of the fact of agency, he may elect to treat the after-discovered principal as the person with whom he contracted."

If the complainant's right to relief against the corporate defendant must be determined by the written contract, without the aid of oral evidence, it would seem to be perfectly clear that no relief can be given to him. The written contract imposes no duty or obligation of any kind upon the corporate defendant. According to its plain letter Lucas is the vendor; he agrees to sell, and he is the only person upon whom, by its words, any obligation is imposed. Unless, therefore, the corporate defendant can be added as a vendor, by means of oral evidence, it would seem to be undeniable that no contract can be shown to have been made by it which can be enforced against it. Whether this can be done, without violating an established principle of the

Schenck v. Spring Lake Beach Improvement Co.

law of evidence, as well as one of the provisions of the statute of frauds, constitutes the point in dispute on this motion. There are authorities which declare that oral evidence is competent to extend the obligations of a written contract to persons who are not parties to it, but not to discharge those who are parties. *2 Sm. Lead. Cas. (8th Am. ed.) 429.* So profound a jurist as Baron Parke held that parol evidence was competent for this purpose. In pronouncing the judgment of the court of exchequer in *Higgins* v. *Senior, 8 Mees. & W. 834, 844,* he said: "There is no doubt that where such an agreement is made [that is, an agreement in writing], it is competent to show [by oral evidence] that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing by the statute of frauds: and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on its face, it purports to bind, but shows that it also binds another, by reason that the act of the agent, in signing the agreement, in pursuance of his authority, is, in law, the act of the principal. But, on the other hand, to allow evidence to be given that the party who appears, on the face of the instrument, to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done."

The last remark of the Baron is the only one that directly touched the question which was before the court in that case for decision. The suit was not against an unnamed principal, but against the person who appeared on the face of the instrument to be personally a contracting party. The plaintiff made no attempt to hold any other person liable. But the defendant attempted to escape liability by showing, by parol evidence, that in making the contract, on which he was sued, he acted, to the knowledge of the plaintiff, as the agent of a third person. This, it was held, he could not do. But the question before the court, it will be seen, was, not whether a person, not a party to

the contract, could be made a party by oral evidence, but whether·
a person who was a party, could discharge himself from liability
by showing, by parol proof, that in making the contract, he, to·
the knowledge of the plaintiff, did not act for himself, but for a
third person.    Hence, so much of the decision as declares that a
person not a party to the contract may be shown, by oral evi-
dence, to be a party, and thus made liable, was on a question
entirely outside of the issue before the court for decision, and
must, consequently, be regarded as a mere *dictum*.    But it must
be admitted that very eminent jurists have treated the doctrine
laid down in *Higgins* v. *Senior* as a correct exposition of the
law, so far as it applies to contracts not under seal.    This, it is
obvious, was the opinion of Judge Story.    In his treatise on the
law of agency, he says, in substance, that the doctrine maintained
in the more recent authorities is, that if the agent possesses due
authority to make a written contract, not under seal, and he
makes it in his own name, whether he describes himself to be an
agent or not, or, whether the principal be known or unknown,
his principal will be liable to be sued thereon, and be entitled to·
sue thereon, in all cases, unless, from the attendant circumstances,
it is clearly manifest that an exclusive credit was given to the
agent.    And he further says, in a subsequent section, that parol
evidence is admissible, in such cases, for the purpose of showing·
that, although the agent contracted in his own name, he was
acting for another, so as to fix the real principal.    *Story Ag.* §§
*160 a–270.*    The doctrine, that a written contract, not under
seal, may be varied or altered, by parol evidence, to the extent of
showing that a person is a party to it, who is not so by its terms,
and who cannot be held liable on it except by means of such
evidence, seems to have twice received the approval of the
supreme court of the United States.    *Salmon Falls Manufactur-·
ing Co.* v. *Goddard, 14 How. 453; Ford* v. *Williams, 21 How.
287.*    But that doctrine has never, so far as I am aware, been
adopted by any court of this state exercising a superior jurisdic-
tion; on the contrary, the rule generally, if not universally,
recognized and enforced here, as I have always understood, is
this: that a written contract, whether within the statute of frauds·

or not, and whether under seal or not, which is free from ambiguity and perfect in itself, and not the product of fraud, or the result of mistake, and which has not been changed by a subsequent contract, cannot be changed, varied or contradicted by oral evidence, but must be accepted as the only evidence by which the rights and liabilities of the contracting parties shall be measured and determined. *Van Syckel* v. *Dalrymple, 5 Stew. Eq. 233; S. C. on appeal, 5 Stew. Eq. 826.*

The agreement which the complainant asks to have enforced in this case is within the statute of frauds. It is an agreement for the sale of land. The complainant rests his right to relief on the agreement alone. His bill discloses no other right of action. This being so, he cannot maintain his action, unless the agreement on which his action is founded, or some memorandum or note of it is in writing and signed by the defendant, or its authorized agent. *Rev. p. 445 § 5.* Authority to an agent to act for his principal in such a case may be created orally and may be proved by parol evidence (*Milne* v. *Kleb, 17 Stew. Eq. 378*), but no action can be maintained on the contract, which the agent makes, unless its essential terms are put in writing. The doctrine is settled, that a writing to be entitled to be held to be a compliance with the requirement of the statute of frauds, whether it be an agreement or a memorandum or note, must contain all the essential terms of the bargain, expressed with such certainty that they may be ascertained from the writing itself, without the aid of oral evidence. Nothing can be added or supplied by parol proof, for the introduction of evidence of that kind would let in, at once, all the evils which the statute was designed to suppress. *2 Kent Com. 511; Brown St. of F. § 371.* Where the action is by a vendee against a vendor, as it is in this case, and the complainant puts his right to relief exclusively on a written contract, as the complainant does here, it would seem to be clear beyond question, that unless the writing, set out in the bill, shows on its face that the defendant is the vendor, the complainant's case has no foundation. That the defendant is the vendor constitutes the very foundation of the right of action in such a case. It is the fact that lies at the basis of the action,

and to which every other fact in the case is merely incidental. Parol evidence is inadmissible to prove this fact. It can only be proved by written evidence. The law on this subject is settled in this state. The writing which the statute requires must, according to the rule laid down in *Johnson & Miller* v. *Buck, 6 Vr. 338, 343,* contain the full terms of the contract—that is, the names of the buyer and seller, the subject of the sale, the price and terms of credit, and the conditions of sale, if any there be. Parol testimony is not admissible to prove any of the essential parts of the contract. "The policy of the statute," says Mr. Justice Depue, in the case just cited, "is to exclude testimony of that uncertain character with respect to transactions within its provisions. It therefore requires the substantive parts of the contract to appear in writing. To admit parol evidence of any of the terms of the contract with respect to which the memorandum is silent, would open the door to the very mischief the statute was intended to suppress."

If a person who is not a party to the contract can be added by parol evidence, on the theory that the addition of a party does not contradict the terms of the contract, inasmuch as the addition of a party does not show that the person who signed the contract in his own name is not a party, I do not see why a contract may not, by the same process of reasoning, be enlarged, by the same sort of evidence, both as to the subject of the contract and its price. To my mind, it seems just as logical to say, that evidence which shows that the subject of the contract was ten acres of land, does not contradict the written contract, though the contract itself says it was five acres, as it is to say, that evidence showing that John Smith was the vendor, does not contradict a written contract which says that John Jones is the vendor. And this is the view which the superior court of the city of New York expressed in *Fenley* v. *Stewart, 5 Sandf. 101.*

Neither the researches of counsel, nor my own, have resulted in the discovery of a single instance in which the rule laid down in *Higgins* v. *Senior* has been followed in an action for specific performance. There are, however, cases of that kind which lay down the opposite doctrine. *Chadwick* v. *Maden, 9 Hare 188;*

*City of Providence* v. *Miller, 11 R. I. 272*, and *Williams* v. *Christie, 4 Duer 29*, are cases of the latter class. In the case last cited, the court said : " We consider the doctrine well settled, that every written contract made by an agent, in order to be binding on his principal, must purport on its face to be made by the principal, and must be executed in his name, and not in the name of the agent.   It cannot be shown by parol that the alleged agent, in signing his own name to the contract, in fact signed as agent, and thus convert a contract, which, on its face, is his own, into a contract of his alleged principal, and make it enforce-able as such.   This would be altering the plain meaning and clear import of the written contract by unwritten evidence, which is inadmissible."

In my judgment, the defendant's motion must prevail. ·