PHILIP J. BOWERS v. ISADOR GLUCKSMAN, PROSECUTOR.

Submitted March 20, 1902—Decided June 9, 1902.

1. Where it is sought to hold a purchaser under a contract for the sale of land which is otherwise valid, the agreement or memorandum thereof, as required by section 6 of the statute of frauds (*Gen. Stat., p.* 1603), must not only be in writing and signed by the party to be charged therewith or by his duly authorized agent, but in addition to the other essential terms of the bargain, the name of the vendor must be contained therein.

2. Where the written agreement or memorandum is deficient in this particular, parol evidence is inadmissible to supply the deficiency.

On *certiorari.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Samuel F. Leber.*

For the defendant, *John A. Miller.*

The opinion of the court was delivered by

HENDRICKSON, J. The defendant obtained judgment against the prosecutor in the First District Court of the city of Newark for $200 damages for the alleged violation of his agreement to purchase of defendant the premises No. 382 Springfield avenue, in that city, at the price of $8,200. The case was tried by the court without a jury. A reversal of this judgment is sought on several grounds. The one we will first consider is the refusal of the court to nonsuit the plaintiff at the close of his case.

The contention is that the agreement, in writing, offered in evidence by the plaintiff in support of his demand, was not a valid and binding agreement under section 5 of the statute of frauds of this state (*Gen. Stat., p.* 1603), which enacts that no action shall be brought to charge the defendant upon any contract or sale of lands, &c., unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized. The written agreement annexed to the state of demand and offered in evidence in this case reads as follows:

"NEWARK, N. J., May 14, 1901.

"I hereby agree to purchase the property No. 382 Springfield Ave., for the sum of $8,200.00, to be free and clear of all encumbrances.

"(Signed)   I. GLUCKSMAN."

The point is made that the agreement fails to meet the requirements of the statute of frauds in that it does not contain the name of the vendor, or, in other words, that it lacks the mutuality required in such an agreement or memorandum to render it valid. We see no reason to doubt the absolute correctness of this contention. As the agreement stands it is plain that if the case was reversed and the vendee was suing to compel the vendor to convey the property he must fail, because he could not prove that the vendor was a party to the agreement except by a resort to parol evidence.

In our own state this subject was carefully considered by Mr. Justice Depue in *Johnson & Miller* v. *Buck,* 6 *Vroom* 338, who, in delivering the opinion of this court, said: "The memorandum must contain the full terms of the contract— that is, the names of the buyer and seller, the subject of the sale, the price and terms of credit, and the conditions of sale, if any there be." Although the foregoing decision related to a sale of personal property, its validity was being tested under the requirements of the same statute we are now considering.

In *Schenck* v. *Spring Lake, &c., Improvement Co.,* 2 *Dick. Ch. Rep.* 44, a case where the agreement was much like the present one, Vice Chancellor Van Fleet held that the name of the vendor was one of the essentials to a valid agreement under the statute of frauds, and that parol evidence was inadmissible to supply the defect. In *Grafton* v. *Cummings,* 99 *U. S.* 100, where the effect of the New Hampshire statute of frauds, which is quite similar in purport to our own, was involved, Judge Miller, in delivering the opinion, held that the memorandum was defective in that it gave no indication of the party who was to sell. To the like effect is *Williams* v. *Lake,* 2 *El. & E.* 348. Other authorities might be cited, but they are unnecessary. We find no authority to the contrary cited in the brief of counsel and we feel satisfied that the law is settled in the direction we have outlined. There was no other proof offered in the present case to supply the defect stated except parol evidence, which was incompetent for that purpose. It was the duty of the court below, under the circumstances, to nonsuit the plaintiff. The refusal to do so was error which must result in a reversal. It becomes unnecessary, therefore, to consider the other reasons assigned upon the record.

The judgment below will be reversed, with costs.