EMMETT BLACK, DEFENDANT IN ERROR, v. SUSAN Mc-
QUAID, PLAINTIFF IN ERROR.

Submitted June 18, 1907—Decided November 18, 1907.

1. A husband may act as the agent of his wife, and the fact of his
agency, while not to be presumed from the marital relation alone,
may be proved, as in other cases, by the acts and words of the
wife, which show previous authorization or subsequent ratifica-
tion of his acts as her agent.
2. Where a husband contracts for work to be done on his wife's
separate property, the facts that the husband had the manage-
ment of the property, that the wife knew that the work was being
done and was often on the premises inspecting the work during
its progress and herself ordered extra work, that she occupied the
property before the workman had finished, and that the wife told
the workman when he went to get his pay "not to worry," that
"if she had to sell the property he would get his money," would
warrant a finding by a jury that the husband acted as her agent.

On error to the Supreme Court.

For the plaintiff in error, *Howard L. Miller* and *Francis D.
Weaver*.

For the defendant in error, *George J. Bergen*.

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a
judgment of the Supreme Court in favor of the defendant in
error, the plaintiff below.

The plaintiff, Emmett Black, a plumber, agreed to perform
certain work at the property of the defendant, Susan Mc-
Quaid, for $570, and performed other work not specifically
contracted for, worth, he claims, $18, and for these sums, with
interest, less $20 paid on account, recovered a judgment.

The contract for the work was made with the defendant's
husband, who, the plaintiff claims, was her agent in that
regard.

To establish such agency the plaintiff proved the facts following: That the property was the separate estate of the wife; that the title was in her, and that she had bought it about four years ago with her own money; that all repairs since that time had been attended to by her husband and ordered by him; that she now lived in the property, but previously had lived on the same street, about a block away; that the work done by the plaintiff was a part of a general scheme of remodeling the premises, the old house being moved to the rear and a new two-story addition built in front; that the wife knew of the scheme, was often at the premises inspecting the work during its progress, and she herself ordered the extra work charged for; that before the completion of the work the defendant and her husband moved, with all their household effects, into the remodeled house, and have lived there ever since; that when the work was completed and the plaintiff went after his money, the wife told him "not to worry," that "if she had to sell the property he would get his money."

The defendant offered no evidence, and the jury found a verdict for the plaintiff.

The only assignments of error argued and requiring consideration are those which challenge the propriety of the refusal to nonsuit.

The motion to nonsuit was based upon the contention that there was no evidence of agency to be submitted to the jury.

That the husband may act as the agent of his wife has long been the settled law of this state. *Tresch* v. *Wirtz,* 7 *Stew. Eq.* 124; *Gulick & Holmes* v. *Grover,* 2 *Vroom* 182; *S. C.,* 4 *Id.* 463.

Whether there was sufficient evidence from which the jury might find such agency is the question.

It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said, in general terms, that whatever evidence has a tendency to prove agency is admissible, even though it be not full and satisfac-

tory, as it is the province of the jury to pass upon it. *Mech. Ag.,* § 106.

We find in this case sufficient evidence to warrant the learned trial judge in refusing the motion to nonsuit the plaintiff. The plaintiff's evidence, which was uncontradicted, tended somewhat persuasively to support the inference that the agency existed.

Where a husband contracts for work to be done on his wife's separate property, the facts that the husband had the management of the property; that the wife knew that the work was being done, and was often on the premises inspecting the work during its progress, and herself ordered extra work; that she occupied the property before the workman had finished, and that the wife told the workman, when he went to get his pay, "not to worry," that "if she had to sell the property he would get his money," would warrant a finding by a jury that the husband acted as her agent. *Elliott* v. *Bodine,* 30 *Vroom* 567; *Arnold* v. *Spurr,* 130 *Mass.* 347; *Bodey* v. *Thackara,* 143 *Pa. St.* 171.

The case being properly submitted to the jury, the judgment of the court below is affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.