HARRY T. DAVIMOS et al.

*v.*

EMILY GREEN.

[Submitted September 23d, 1914.   Decided October 8th, 1914.]

1. A contract in writing for the sale of land which does not disclose the name of the vendor as required by the fifth section of the statute of frauds (*2 Comp. Stat. p. 2612*), will not be decreed to be specifically performed.

2. Where the memorandum of the contract for the sale of land is signed "Clarence T. Van Deren, Agent," the admission of oral evidence to make known the name of the principal would infringe the statute.

3. Where the bill for specific performance prays for "such other and further relief, by way of correction or addition thereto or change in said memorandum as aforesaid as the nature of the case may require," &c., such relief cannot be afforded for two reasons—*first*, there is no allegation in the bill which justifies any such prayer, and *secondly*, this court cannot first reform and then specifically enforce the instrument.

*Mr. Harry T. Davimos,* for the complainants.

*Messrs. Davis & Hastings,* for the demurrant.

GRIFFIN, V. C.

The bill in this cause is filed by the vendee against the vendor to compel specific performance of the following contract:

"HARRISON, N. J., June 13th, 1914.

"$500.00.

"Received of Harry T. Davimos Five Hundred and 00/100 Dollars in part payment of the sum of Thirteen Thousand ($13,000) Dollars in purchase of the Property known as the Wm. Green Farm on West Side of Schuyler Ave., Kearney, N. J. The balance to be paid on or before September 1st, 1914.

"CLARENCE T. VAN DEREN,
"*Agent.*"

To this bill the defendant filed a demurrer, assigning several causes, one only of which need be noted, viz., that the contract is defective, in that it is a contract for the sale of land and does not disclose the name of the vendor as required by the fifth section of the statute of frauds. *2 Comp. Stat. p. 2612.*

In the case of *Johnson et al.* v. *Buck, 35 N. J. Law 338,* Mr. Justice Depue, in dealing with this statute, said: "The memorandum must contain the full terms of the contract—that is, the names of the buyer and seller, the subject of sale, the price and terms of credit, and the conditions of sale, if any there be," and his conclusion was that as the written contract or memorandum proven was deficient in some of the above elements, no recovery could be had because the deficiencies could not be supplied by oral proof without violating the statute.

The rule above enunciated was followed and affirmed by Vice-Chancellor Van Fleet in *Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. 44,* and by the supreme court in *Bowers* v. *Glucksman, 68 N. J. Law 146.* In this latter case the action was for damages against the vendee at the suit of the vendor for failure to consummate a contract for the purchase of lands. The memorandum was signed by the vendee only; the name of the vendor did not appear in the memorandum. The vendor obtained judgment in the district court. This judgment was reversed because the memorandum did not fulfill the requirements of the statute as defined in *Johnson* v. *Buck* and *Schenck* v. *Spring Lake, &c., Co., supra,* in that the vendor did not sign, nor did his name appear in the memorandum.

Cases supporting the above construction of the statute are *Clement* v. *Young-McShea Amusement Co. (Court of Errors and Appeals),* 70 *N. J. Eq. 677; Stengel* v. *Sergeant (Vice-Chancellor Emery),* 74 *N. J. Eq. 20,* and *Brown* v. *Pinniger (the Chancellor), 81 N. J. Eq. 229.*

But the complainants contend that because the memorandum is signed "Clarence T. Van Deren, Agent," the admission of oral evidence to make known the name of the principal would not infringe the statute.

The only case cited by the complainants to support this view is that of *Smith* v. *Felter, 63 N. J. Law 30.* A careful reading of this case shows that it is not in point. It does not deal with the statute of frauds. The contract did not concern the sale of goods or lands; it was an agreement between James Scott, the committee of Edna Smith and Ann Eliza Horton, providing that if Ann Eliza Horton paid $3,220 to Scott and shipped to him all the personal property of Edna Smith in her possession or under her control, Scott, upon the receipt of the cash and goods, would deliver a release to Ann Eliza Horton. This opinion was written by Mr. Justice Dixon, who afterwards wrote the opinion for the court of errors and appeals in the case of *Clement* v. *Young-McShea Amusement Co., supra,* in which he cited with approval the cases of *Schenck* v. *Spring Lake, &c., Co., supra,* and *Bowers* v. *Glucksman, supra;* and no reference in the opinion is made to *Smith* v. *Felter.* It is, therefore, perfectly clear that neither Mr. Justice Dixon nor the other members of the court regarded the last-mentioned case as in any manner involving an interpretation of the statute of frauds.

It seems, however, quite plain that if, in order to comply with the terms of the statute, it is necessary, among other things, that the name of the vendor should appear in the writing, this requirement is not satisfied by placing after the name of the person signing on behalf of the vendor the word "agent." This word, while indicating that the person signing is not the principal, sheds no light on the identity of the person for whom he is acting.

This identical point was passed upon by the United States supreme court in the case of *Grafton* v. *Cummings, 9 Otto 100,*

and decided contrary to the contention of the complainants; so that at this day it cannot be considered a moot question.

The complainants also in their bill pray for "such other and further relief, by way of correction or addition thereto or change in said memorandum as aforesaid as the nature of the case may require," &c. Such relief cannot be afforded for two reasons—*first,* there is no allegation in the bill which justifies any such prayer, and *second,* applying the law as laid down by Vice-Chancellor Emery in *Wirtz* v. *Guthrie, 81 N. J. Eq. 271,* and followed by Vice-Chancellor Stevens in *Vogt* v. *Mullin, 82 N. J. Eq. 452,* this court cannot first reform and then specifically enforce the instrument.

I will advise a decree in favor of the defendant on the demurrer.