The bill is to compel the defendant to perform his contract, in writing, with the complainants, to buy three adjoining apartment-houses in Newark. The defendant agreed to pay for them $67,000 by assuming a building and loan mortgage of $14,000 on each apartment-house, a second mortgage of $4,000 on each house, pay $9,000 in cash, and give his one-year bond for $4,000 for the balance, secured by a mortgage on the premises. The complainants did not at the time own the property, but had a contract to buy, and were to convey it to the defendant subject to the mortgages, which they were to negotiate. They were able to effect building and loan mortgages for only $13,000. At the hearing they claimed that the defendant had verbally agreed, when it was found that the building and loan association would lend only $13,000 on each apartment-house, to make up the difference by his *Page 29 
three $1,000 bonds, each secured by a mortgage on an apartment-house, upon the terms of a building and loan mortgage. As to this the testimony is in sharp conflict, but the issue need not be decided; the judgment rests upon a point of law.
The parol variation is within the fifth section of the statute of frauds, which provides that no action shall be brought on a contract for the sale of land unless it, or a memorandum thereof, be in writing. Comp. Stat. p. 2612. A written contract for the sale of land, with parol modification, will not, against objection, be enforced as modified. 25 R.C.L. 708, and cases. An instructive discussion of the subject, and a collection of the authorities, may be found in the note to Bonicamp v. Starbuck,L.R.A. 1917 B. 141; Brooks v. Wheelock, 28 Mass. 438.
The complainants, admitting the rule, contend, however, that the oral modification relates, not to the contract, but to its performance, to which, they argue; the statute does not apply. The statute requires that all the essential terms of a contract for the sale of land, be reduced to writing to qualify it for enforcement by the courts (Schenck v. Spring Lake BeachImprovement Co., 47 N.J. Eq. 44), and the terms of performance is, of course, an essential. An executory parole agreement substituting methods of performance is within the statute and unenforcible. Malkan v. Hemming, 82 Conn. 293; Rucker v.Harrington, 52 Mo. App. 481; Abell v. Munson, 18 Mich. 306.
A substituted performance agreed upon by parol, actually and fully executed, may be set up in defense at law in a suit on a written contract within the statute of frauds. Long v.Hartwell, 34 N.J. Law 116. And at law a parol variation of the mode of performance of a written contract within the statute of frauds is held in Cummings v. Arnold, 3 Metc. 486, to be a defense, if willingness to perform, thwarted by the plaintiff, is shown. The Massachusetts case, which was followed in Stearn v.Hall, 9 Cush. 31, relied on Cuff v. Penn, 1 M. S. 21, which was a case of forbearance by the plaintiff of performance by the defendant, not within the statute. Stead v. Dawber,2 P. D. 447; Marshall v. Lynn, 6 M. *Page 30 W. 109; Ogle v. Vane, 3 L.R.Q.B. 272; Tyers v. Rosedale,L.B. 10 Ex. 195; and in this state, Stryker v. Vanderbilt,25 N.J. Law 482, and Nissel v. Swinley, 76 N.J. Law 288. Note, also, that in McCombs v. McKenna, 2 Watts S. 216, cited in the Cummings Case, the substituted parol agreement was executed. Equity will enforce a parol variation of a written contract for the sale of land, executed and completed, as it does an unwritten contract wholly or partly performed by the complaining party, by refusing to allow the statute of frauds to be used to perpetuate a fraud. Wirtz v. Guthrie, 81 N.J. Eq. 271; Welsh v. McIntosh, 89 Kan. 47. And, so, although equity will not enforce a written contract with parol modification, at the instance of the complainant, it will decree the performance of the written contract if he accepts the modifications verbally agreed upon, set up by the defense. Wallace v. Brown, 10 N.J. Eq. 308; Ryno v. Darby, 20 N.J. Eq. 231; Oakey v. Cook,41 N.J. Eq. 350; Parker v. Johnson, 4 All. 259; Martin v.Pycroft, 22 Eng. Rul. Cas. 852. The difference in refusing oral testimony to vary a written contract, in enforcing it and admitting it in defense, rests, fundamentally, on the language of the statute "that no action shall be brought." The soundness of the doctrine has been much doubted. See note to Martin v.Pycroft, supra. None of the cases examined, at law or in equity, even intimate that a verbal agreement for substituted performance of a contract within the statute of frauds, unexecuted, can form a basis of a recovery.
The complainants also contend that the defendant is estopped from setting up the statute because he acquiesced in the complainants effecting the building and loan and other mortgages in preparation of performance of the agreement as verbally modified, relying on Church v. Florence Iron Works,45 N.J. Law 129. Whatever was done by the complainants was as well for their own accommodation and advantage, although the mortgages may have been in sums and apportioned to meet the deal with the defendant. They did not change their position to their disadvantage. The male complainant is a real estate operator whose interests are best *Page 31 
served by borrowing on real estate as much as the traffic will stand.
This decision is on the case as made at the hearing and presented by the briefs. The bill makes out a different case. It alleges that the complainants were to convey the three apartment-houses subject to three building and loan mortgages, each in amount not exceeding $14,000, and three mortgages of $4,000 each, which the defendant was to assume, and to pay $9,000 in cash and give a purchase mortgage for the balance of contract price of $67,000. The answer admits, perhaps inadvertently, the contract as alleged. The contract pleaded is not open to the defense interposed at the trial and now upheld. The complainants will amend the bill to conform to the written contract by striking out "not exceeding," or the defendant may amend his answer denying the contract as alleged. Thereupon the bill will be dismissed.