The complainant seeks to compel the defendants to specifically perform an agreement dated March 27th, 1946, to convey lands and premises on Roseland Avenue, Rainbow Valley Lake, Haskell, New Jersey. The sale price is fixed at $4,800. The agreement bears the names of both defendants, but is signed only by the defendant James T. Stokem, who is the husband of the defendant Ida J. Stokem.
On March 4th, 1946, the defendant James T. Stokem in writing authorized Edward J. Bergen to sell the aforesaid premises for $4,800 net; the authorization also included the sale of an electric stove and refrigerator for $200. It was provided that if a sale were made, possession should be immediate, and the sale to be subject to a mortgage of approximately $3,000 (Exhibit C-1). *Page 168 
The defendant James T. Stokem signed the authorization in the presence of, and with the consent and acquiescence of his wife.
Bergen directed his attorney, Robert C. Ricker, to prepare a contract for the purchase of the premises and told him to have the title thereto taken in the name of the National Home Builders, Inc., the complainant. Ricker testified that in accordance with those instructions he, on March 27th, 1946, telephoned to the residence of James T. Stokem, and a woman answered the 'phone call. He told her he was preparing an agreement of sale and stated the time and the place for its execution. Pursuant to the telephone call, the defendant James T. Stokem appeared at Ricker's home the same evening, March 27th, 1946. His wife Ida was not with him. Ricker asked Stokem why his wife did not accompany him, and he replied that she was ill, and that he was authorized to sign the agreement for her. Ricker prepared an agreement in his own handwriting as follows (ExhibitC-2):
 "Wanaque, N.J. March 27, 1946.
Received from National Home Builders, Inc., 1472 Broadway, New York City, by check of Robert C. Ricker, their attorney the sum of $100.00 binding purchase of house and property owned by me on Roseland Ave., Rainbow Valley Lake, Haskell, Boro of Wanaque, Total Price $4,800.00 plus electric stove (4 burner) for $100.00. The balance of $1,800.00 plus any amount over balance due on mortgage held by Butler Building Loan Assn., to make total of $4,900.00 including this deposit to be paid at closing of title within 30 days. Mortgage to be assumed by purchaser."
It was signed as follows:
 "James T. Stockem Ida J. Stokem by James T. Stokem."
On April 2d 1946, Ricker received a letter from Lawrence Owiter, an attorney, which in effect stated that he, Owiter, was retained by Mr. and Mrs. James T. Stokem to represent them in the sale of their house. It in part reads: "I would appreciate your advising me the name and address of the *Page 169 
purchaser so that I can draw a contract. I understand that the purchase price is $5,000, including the electric range and the refrigerator, and that a deposit of $100 has been paid, the balance to be paid at the closing. Please give this your immediate attention." (Exhibit C-3.)
Ricker received another letter from Owiter dated April 12th, 1946, in which he said that James T. Stokem called to see him and informed him that his wife refused to sell the premises. Enclosed in the letter was a check for $100 — being the return of the deposit. (Exhibit C-4.)
On May 4th, 1946, Harry L. Schoen, the solicitor for the complainant herein attended at Mr. Ricker's office in Wanaque, New Jersey, pursuant to a letter (Exhibit C-6) sent by him to the defendants fixing a time and place for the passing of title and the delivery of the deed. Neither of the defendants appeared at the time and place designated.
The defendant James T. Stokem testified that the day after the signing of the agreement for the sale, he telephoned his counsel Lawrence Owiter and employed him to represent him at the passing of the title; and that he then notified his wife Ida that he had signed the agreement to sell. He said his wife thereupon directed him to tell his counsel that she did not want to sell.
The defendant Ida testified that she was present at the time of the drawing of the original agreement dated March 4th, 1946, giving Bergen an exclusive authority to sell the premises. She took part in the negotiations, and admitted that she authorized the sale of the premises, the electric range and the refrigerator. However, she denied that she authorized her husband to sign the agreement for the sale on March 27th, 1946. She stated that when she was notified of the execution of the sale agreement on March 28th, 1946, that she forthwith informed her husband that she did not wish to sell and directed him to notify attorney Lawrence Owiter accordingly.
Owiter testified that on receiving notification from the defendant James T. Stokem about the proposed sale of the property, he immediately sent the letter aforesaid (Exhibit *Page 170 C-3) to Ricker, asking for the name of the purchaser and so forth. The letter is dated April 2d 1946. James T. Stokem testified that he communicated with Owiter on March 28th, 1946.
It is clearly evident that Ida J. Stokem concurred in the arrangements for the sale of the premises which are outlined in the authorization to Bergen (Exhibit C-1). She was present with her husband the defendant James T. Stokem, and took part in the discussion of the terms of the authorization. There is no doubt in my mind that she constituted her husband her agent in the transaction.
In Lindley v. Keim, 54 N.J. Eq. 418; 34 Atl. Rep. 1073, it was established that authority to sign an agreement for the sale of lands may be conferred by parol, and "that such authority to sign an agreement for the sale of land could be established either by proof that it had been expressly conferred, or by proof of circumstances from which its grant may be reasonably inferred." And that "a signature for another to such an agreement, if done without antecedent authority, expressly or impliedly conferred, may be ratified by the person for whom the signature was made, and that such ratification would establish authority to make it as effectually as proof that such authority had been expressly conferred." See Black v. McQuaid,75 N.J. Law 639; 68 Atl. Rep. 102; Grauel v. Rohe, 43 Atl. Rep. 2d201; Monahan v. McElligott, 136 N.J. Eq. 306; 41 Atl. Rep.
2d 399; affirmed, 137 N.J. Eq. 176; 44 Atl. Rep. 2d30.
The facts and the law expressed in the Monahan Case, supra, closely approach the situation in the instant case and the principles there laid down are a directive in the case subjudice.
I shall advise a decree for specific performance. *Page 171