67 N.J. Super. 14 (1961)
169 A.2d 726
HARRY W. HERZOG AND MURIEL HERZOG, HIS WIFE, PLAINTIFFS,
v.
ANN R. TIDABACK (FORMERLY KNOWN AS ANN R. SCALERA) AND AUSTIN J. TIDABACK, HER HUSBAND, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1961.
*15 Mr. Michael A. Paticchio, attorney for plaintiff.
Messrs. Joseph J. and George G. Mutnick, attorneys for defendant (Mr. George G. Mutnick, appearing).
HERBERT, J.S.C.
The complaint seeks specific performance of an alleged contract by the defendants to sell a home in Plainfield, New Jersey to the plaintiffs. The defendants have moved for summary judgment on the sole ground that *16 the requirements of the statute of frauds have not been met. The affidavit in support of the motion is merely a verification of a copy of a listing agreement, dated January 20, 1961 and signed by the defendant wife (then Ann R. Scalera). This listing agreement is the standard printed form of the Plainfield Real Estate Board. The form was filled out by inserting the address of the house, considerable information about its physical features, the asking price of $39,500, and the name of John E. Vessler as the listing broker.
Aside from the listing agreement, the only other writing in the case at this stage is a check of the plaintiff Harry W. Herzog, dated February 11, 1961, drawn on the Plainfield Trust Company, and payable to the order of "Arthur C. Saunders Agency" in the sum of $1,975. This check is before the court as an exhibit attached to the affidavit of the plaintiff Muriel Herzog. The following typewritten notation appears on the check's face: "Deposit on property known as No. 1001 Sleepy Hollow Lane, Plainfield, New Jersey, in accordance with listing agreement." There is also a stamp indicating payment by the Plainfield Trust Company February 16, 1961.
The affidavit of the plaintiff Muriel Herzog, filed in response to defendants' motion for judgment, describes in considerable detail a meeting between the parties held at the defendants' home on February 9, 1961, and states that an oral agreement was reached at that time for the purchase and sale of the house at the price given in the listing agreement.
At the argument of the motion counsel for the defendants kept within the scope of the moving papers and concentrated upon the proposition that the listing agreement, plus an oral agreement to buy and sell, plus a check delivered on behalf of the plaintiffs to a real estate broker and accepted by him, would not satisfy the statute of frauds (R.S. 25:1-5(d)); and that the complaint should be dismissed and judgment entered for the defendants.
*17 The defendant Ann R. Tidaback signed the listing agreement with the name "Ann R. Scalera." The agreement is dated January 20, 1961. By its terms it confers a "right to sell." The complaint and the affidavit filed to defend the motion describe her as Ann R. Tidaback or Mrs. Austin J. Tidaback, wife of the defendant Austin J. Tidaback. Apparently she married Dr. Tidaback between January 20, 1961 and the starting of suit, but this observation about the time of her marriage plays no part in the decision about to be stated. However, the fact that Austin J. Tidaback's name does not appear on the listing agreement, or on any other writing alleged by the plaintiffs or mentioned in plaintiffs' affidavit, makes it necessary to consider his position separately from that of his wife. The plaintiffs, of course, seek specific performance of an alleged contract to sell made by both Ann R. Tidaback (formerly Ann R. Scalera) and Austin J. Tidaback.

1. As to Ann R. Tidaback.

If the plaintiffs had alleged a contract to sell made by Ann R. Tidaback alone, the motion for summary judgment would be denied. This result is reached without ruling upon the interesting and possibly difficult question as to the standing of a broker's listing agreement as a writing which will or will not satisfy the statute of frauds. In passing, it may be noted, however, that there is some authority that such an agreement, standing alone, will not satisfy the statute of frauds. 49 Am. Jur., p. 708.
The complaint under attack alleges that Arthur C. Saunders, a member of the Plainfield Real Estate Board, was the agent of the defendants and that the payment of $1,975 was demanded by him as such agent and paid to and accepted by him in the same capacity. The affidavit of the plaintiff Muriel Herzog also avers that Mr. Saunders was the agent of the defendants, verifies the delivery of the check to him, its cashing by him, and supplies a copy of the check.
*18 An agent who is acting under an oral authorization can furnish the memorandum which will bind a seller or buyer. National Home Builders, Inc. v. Stokem, 139 N.J. Eq. 167, 170 (Ch. 1946). In the present case the complaint alleges the agency of Saunders; this is verified by Mrs. Herzog's affidavit and the moving papers of the defendants make no attack upon the agency. For the purposes of this motion it must, therefore, be taken as fact that Saunders was the duly authorized agent of the defendants.
As such authorized agent Saunders accepted, and deposited or cashed, the Herzog check of February 11, 1961, which bore the notation quoted above. Of necessity, the check was endorsed by Saunders, thus furnishing a signature by the defendants' authorized agent. The notation on the face of the check identifies the property and incorporates by reference the listing with the real estate board. The listing agreement in turn states the price and gives the name of the owner of the property as "Mrs. Ann R. Scalera." For a contract to buy from Mrs. Tidaback (Ann R. Scalera) alone all necessary terms would thus be supplied by the two writings. Johnson & Miller v. Buck, 35 N.J.L. 338 (Sup. Ct. 1872); Monahan v. McElligott, 136 N.J. Eq. 306 (Ch. 1944). The Monahan case holds that the time for passing title need not be fixed since a requirement for closing within a reasonable time will be supplied by construction. A somewhat similar notation on a check, followed by the check's cashing, has been held to be a memorandum which will satisfy the statute of frauds. Cousbelis v. Alexander, 315 Mass. 729, 54 N.E.2d 47, 48, 153 A.L.R. 1108 (Sup. Jud. Ct. 1944). There the check had been written out in the handwriting of "the party to be charged," who was the drawer of the check. Barton v. Molin, 219 Mich. 347, 189 N.W. 74 (Sup. Ct. 1922), is another example of a notation placed on a check which was held sufficient to satisfy the statute of frauds and bind the vendor who accepted and endorsed the check. In Harper v. Battle, 180 N.C. 375, 104 S.E. 658, 659, 20 A.L.R. 357 (Sup. *19 Ct. 1920), the check which the buyer gave to the seller bore the notation "payment on Watts street house," and this, together with the seller's endorsement and collection of the check, was held to be enough to comply with the statute of frauds even though the full purchase price was not mentioned or (as in the present case) incorporated by reference. See annotation, 20 A.L.R. 363, and supplement 153 A.L.R. 1112, for additional authorities, although there are none cited there from New Jersey.
On a motion for summary judgment it is required that all inferences of doubt be drawn against the moving party and in favor of the opposing party. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). With that rule in mind, and considering the proofs submitted by the opposing affidavits, it appears that the check of the plaintiff Harry W. Herzog was given to the authorized agent of the defendants; that the check bore on its face a notation identifying the property involved and incorporating by reference the listing agreement; that the listing agreement stated the purchase price and gave the name of Mrs. Scalera as the owner of the property; that the notation on the check further indicated that the check was to be a deposit on account of the price of the property; that the check was accepted, endorsed and either cashed or deposited by an authorized agent of the seller, and that the notation on the check (with its incorporation of the listing agreement by reference) and the endorsement of the authorized agent of the defendants would be sufficient for the purposes of this motion to satisfy the requirements of the statute of frauds. However, all of the steps in this reasoning are applicable only to Ann R. Tidaback (Scalera).

2. As to Austin J. Tidaback.

Before a memorandum (whether it be in form one paper or several papers) is sufficient under the statute of frauds to bind an owner to a sale of lands, it must name *20 or otherwise identify the party to be bound. Parol evidence cannot supply the identity of a vendor. Schenck v. Spring Lake Beach Improvement Company, 47 N.J. Eq. 44 (Ch. 1890); Bowers v. Glucksman, 68 N.J.L. 146 (Sup. Ct. 1902); Davimos v. Green, 83 N.J. Eq. 596 (Ch. 1914); and as to the similar rule that a buyer must be identified in the memorandum see Irvmor Corp. v. Rodewald, 253 N.Y. 472, 171 N.E. 747, 70 A.L.R. 192 (Ct. App. 1930), with annotation following.
There is nothing in writing mentioned in the pleadings or affidavits from which the existence of Austin J. Tidaback could be determined or inferred. As a party to a contract to sell land in which he has an interest he has not been identified in either the listing agreement of January 20, 1961 or the check of February 11, 1961, those being the only two papers in the case available as a "memorandum or note" to meet the requirements of the statute (R.S. 25:1-5). The motion for summary judgment is, therefore, well founded as to Austin J. Tidaback.
The plaintiffs have alleged a single contract with both the defendants. Will a complaint making that allegation support a denial of the motion as to Mrs. Tidaback and granting it as to her husband? Would going to trial against the wife alone be a course of any practical value to the plaintiffs? These questions have not been argued by counsel.
The motion for summary judgment will be granted in favor of both defendants and against both plaintiffs; but if, after considering the questions asked above, counsel for the plaintiffs wish to present arguments that the complaint (as it now stands or with appropriate amendments) will support a claim for specific performance of an alleged contract with Ann R. Tidaback alone, they may do so.